IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| COURTNEY MONTEZ MEANS, | ) |
| Plaintiff, | ) |
| v. | ) No. 03-2352 Ml/P |
| SHELBY COUNTY, CLAYTON BLAIR, MARK LOWE, and CLARENCE TURKS, | ) |
| Defendants. | ) |

**ORDER DENYING DEFENDANT SHELBY COUNTY'S MOTION TO DISMISS AMENDED COMPLAINT**

Before the Court is Defendant Shelby County's motion to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), filed February 11, 2005. Plaintiff responded in opposition on April 5, 2005. For the following reasons, the Court DENIES the motion.

**I.   BACKGROUND**

This case arises out of purported injuries sustained by Plaintiff as a result of an alleged attack by three Deputy Sheriffs employed with the Shelby County Sheriff's Department. Plaintiff initiated this action by filing a *pro se* complaint on May 16, 2003.[1] Plaintiff subsequently filed an Amended Complaint on February 8, 2005, renaming Shelby County as a Defendant in this matter and adding a cause of action against Shelby County

---

[1] On December 1, 2004, the Court appointed Earle J. Schwarz, Esq. as pro bono counsel for Plaintiff.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 7-8-05

pursuant to Tennessee Code Annotated § 8-8-302.[2]

The Amended Complaint alleges that Defendants Clayton Blair, Mark Lowe, and Clarence Turks are liable under 42 U.S.C. § 1983 for depriving Plaintiff of his rights secured by the Eighth and Fourteenth amendments to the United States Constitution by using excessive and unreasonable force; that Defendants Blair, Lowe and Turks are liable for committing a battery on Plaintiff in violation of Tennessee law; that Defendant Shelby County is directly liable for the intentional torts committed by Defendants Blair, Lowe and Turks pursuant to Tennessee Code Annotated § 8-8-302; and that Defendant Shelby County is liable under 42 U.S.C. § 1983 for maintaining a policy and/or custom that contributed to the personal injuries sustained by Plaintiff.

According to the allegations in Plaintiff's Amended Complaint, Plaintiff appeared in Shelby County General Sessions Criminal Court Division 15 for a preliminary hearing on approximately March 3, 2003. At that time, Plaintiff was an inmate at the Shelby County Jail. Plaintiff alleges that following the conclusion of the hearing, Defendants Clayton Blair, Mark Lowe, and Clarence Turks, all of whom were Deputy Sheriffs employed by the Shelby County Sheriff's Department, attacked Plaintiff as they transported him from the courtroom

---

[2] On February 8, 2005, the Court granted Plaintiff's motion for relief from its November 19, 2004, order granting Defendant Shelby County's motion for summary judgment. (Order, Feb. 8, 2005, at 2-3.) On the same date, the Court granted Plaintiff's motion for leave to file an amended complaint to rename Shelby County as a Defendant in this action and to add a cause of action against Shelby County pursuant to Tennessee Code Annotated § 8-8-302. (Id. at 3.)

2

holding area into a tunnel.

After the attack, Plaintiff filed an inmate grievance with the Shelby County Sheriff's Department. Following its investigation, the Sheriff's Department found that the Defendant Officers' alleged attack of Plaintiff did not violate a policy and/or custom of the Shelby County Sheriff's Department. Plaintiff alleges that the Shelby County Sheriff Department's disciplinary process, executed by policy and/or custom, contributed to the Defendant Officers' purported use of excessive force against Plaintiff. Specifically, Plaintiff alleges that the procedures maintained by the Sheriff's Department make it clear to deputies that they will not be disciplined for using excessive force against inmates.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss the plaintiff's complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must treat all of the well-pleaded allegations of the complaint as true, Saylor v. Parker Seal Co., 975 F.2d 252, 254 (6th Cir. 1992), and must construe all of the allegations in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

3

### III. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Shelby County moves to dismiss Plaintiff's claims brought under 42 U.S.C. § 1983 and Tennessee Code Annotated § 8-8-302. The Court will address Defendant's contentions in turn.

#### A.   42 U.S.C. § 1983

A municipality may be held liable under § 1983 if the municipality itself caused a constitutional deprivation. Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 690 (1978). Before a local governmental unit can be held liable for injuries pursuant to § 1983, "a plaintiff must show that his injuries were the result of some 'policy or custom' attributable to the governmental entity." Leach v. Shelby County Sheriff, 891 F.2d 1241, 1245 (6th Cir. 1989) (quoting Monell, 436 U.S. at 690). A municipality is not liable under § 1983 for an injury inflicted solely by its employees or agents, but rather only when the "execution of the government's policy or custom ... inflicts the injury." City of Canton v. Harris, 489 U.S. 378, 385 (1989). Further, the governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation of constitutional rights. Kentucky v. Graham, 473 U.S. 159, 166 (1985).

The "first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Monell, 436 U.S. at 690. Moreover,

4

the policy or custom must evidence deliberate indifference on the part of the municipality. Monell, 436 U.S. at 388 ("Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983.")

Defendant contends that Plaintiff's § 1983 claim should be dismissed because Plaintiff has not sufficiently pled a policy and/or custom maintained by Shelby County that constituted a moving force behind the Defendant Officers' alleged use of excessive force. Plaintiff's Amended Complaint alleges, however, that Defendant maintains a policy and/or custom that makes clear to Sheriffs Deputies that they will not be disciplined for using excessive force against inmates and that this policy and/or custom contributed to the Defendant Officers' use of excessive force against Plaintiff. Treating these allegations as true and construing all of the allegations in the light most favorable to the Plaintiff, the Court finds that Plaintiff has sufficiently pled a claim for relief against Defendant pursuant to 42 U.S.C. § 1983. The Court therefore DENIES Defendant's motion to dismiss Plaintiff's § 1983 claim.

### B. Tennessee Code Annotated § 8-8-302

Defendant contends Plaintiff's claim pursuant to Tennessee Code Annotated § 8-8-302[3] should be dismissed because it is time-

---

[3] Tennessee Code Annotated § 8-8-302 provides that:

(continued...)

5

barred under the one year statute of limitations contained in Tennessee Code Annotated § 28-3-104(a).[4]  The conduct by the Defendant Officers that forms the basis of this suit occurred on approximately March 3, 2003.  Plaintiff filed his original Complaint on May 16, 2003, well before the expiration of the one-year limitations period.  Plaintiff subsequently filed his Amended Complaint on February 8, 2005.

Federal Rule of Civil Procedure 15(c)(2) provides that an amendment to a complaint relates back to the date of the original complaint when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set

---

(...continued)
> Anyone incurring any wrong, injury, loss, damage or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff may bring suit against the county in which the sheriff serves; provided, that the deputy is, at the time of such occurrence, acting by virtue of or under color of the office.

Tenn. Code Ann. § 8-8-302.

[4] Tennessee Code Annotated § 28-3-104(a) provides that "[t]he following actions shall be commenced within one (1) year after the cause of action accrued:

> (1) Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, breach of marriage promise;
>
> (2) Actions and suits against attorneys or licensed public accountants or certified public accountants for malpractice, whether the actions are grounded or based in contract or tort;
>
> (3) Civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes; and
>
> (4) Actions for statutory penalties.

Tenn. Code Ann. § 28-3-104(a).

6

forth or attempted to be set forth in the original pleading."
Fed R. Civ. P. 15(c)(2). The Court finds that the Amended
Complaint satisfies this requirement. Plaintiff's Amended
Complaint therefore relates back to May 16, 2003, the date on
which the original Complaint was filed. Accordingly, the Court
finds that Plaintiffs' Original Complaint was filed within the
applicable one-year limitations period. Defendant's motion to
dismiss Plaintiff's claim pursuant to Tennessee Code Annotated §
8-8-302 is therefore DENIED.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's
motion to dismiss Plaintiff's Amended Complaint pursuant to
Federal Rule of Civil Procedure 12(b)(6).

So ORDERED this 7 day of July, 2005.

JON P. MCCALLA
UNITED STATES DISTRICT JUDGE

7

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 120 in case 2:03-CV-02352 was distributed by fax, mail, or direct printing on July 8, 2005 to the parties listed.

---

Courtney Montez Means
SCJ-MEMPHIS
03101557
201 Poplar Ave.
Memphis, TN 38103

Earle J. Schwarz
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Eugene C. Gaerig
LAW OFFICES OF EUGENE C. GAERIG
100 N. Main Street
Ste. 3118
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT